(No. 5305.   October 17, 1929.)

JOHN W. MORTON, Appellant, v. CHARLES M. SELIX, Respondent.

[281 Pac. 469.]

C. S. Hunter, for Appellant.

C. H. Edwards, for Respondent.

BUDGE, C. J.—Respondent purchased an automobile from appellant, and later some tires, for the purchase price of which he signed and delivered to appellant two promissory notes. After several instalments had been paid on the automobile note respondent executed and delivered to appellant a new note, thought by the parties to cover an amount still due on the original note given in payment for the automobile, and received from respondent the original note. This action was subsequently instituted by appellant to recover upon the note given for the tires and the one covering the alleged unpaid balance on the original note cover-

ing the purchase price of the automobile. Respondent defended on the ground that he had paid appellant more than the full amounts of both notes sued upon, and in a cross-action prayed for the recovery of the amount claimed to have been overpaid appellant. The cause was tried to the court and jury, and a verdict was returned in favor of respondent. Motion for new trial was denied, and the appeal is from the order denying the motion for new trial and the judgment entered on the verdict.

The principal dispute between the parties as aired before the jury was whether a payment of $250 indorsed on the back of the automobile note actually was made to appellant and the indorsement appeared on the instrument at the time it was relinquished to respondent, and whether a receipt for $40 held by respondent and claimed to have been signed by appellant represented a payment of that amount. The note with the indorsement of $250 ''paid'' thereon, and the receipt in question, were placed in evidence and the matter of the payment of the amounts represented thereby presented to the jury upon the conflicting testimony of appellant and respondent in regard thereto, as well as the question of whether interest was chargeable on the original note at the rate of ten per cent or otherwise. The jury believed the contention of respondent in all respects, and we are precluded on appeal from setting aside the verdict based upon substantial, though conflicting, evidence.

The trial court did not err in denying the motion for new trial, and it follows from what has been said that the judgment must be affirmed and it is so ordered. Costs to respondent.

Givens, T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.